The trial court during the trial, the bench trial of Mr. Holmes, said to him, well, it may come as a great shock to you, but that makes absolutely no sense legally in the criminal process, in a civil process, in anything that I know about. That statement in the A.D. makes absolutely no sense. And that quote fully describes the relationship between Mr. Home, representing himself pro se, and the district court throughout his assault case. I see as Mr. Holmes' biggest hurdle in this particular case to explain to the court why he had a valid reason for not filing a direct appeal and not addressing this as a habeas corpus, but instead filing a writ of error quorum nobis. Exactly what was his valid reason? His valid reason is that he had lousy counsel. I really think that we need to look back to whether or not he ever effectively waived his right to an attorney to explain why he never filed his direct appeal. Well, in reading the record, it seemed to me the district court judge was very patient, very thorough. What more could the district court judge have done to secure a knowing and intelligent waiver? There is absolutely no doubt the district court, as well as Mr. Miskell, during the course of the proceedings, explained very thoroughly, very capably, very competently and very patiently to Mr. Home all of his rights. What the district court failed to do was get yes, I waive my right to an attorney. Nowhere in the record is there an unequivocal portion where Mr. Holmes says, I not only knowingly know that I have the right to an attorney, but I am giving up that right. And that is the problem in this case. You're looking quizzically. Well, I have – I know that you raise your – the ineffective assistance or ineffective non-assistance of counsel in your reply brief, but did you raise it in your opening brief? I believe that I did in the opening brief. If you'll give me just a moment. First of all, I'm looking forward to the difficult issue to go ahead and raise, simply because the Godinez case says basically that a person who wants to go ahead and represent himself gives up his right to a fair trial, including allegations of ineffective assistance of counsel. That argument begins on page 28 of the opening brief, Your Honor. But I think what Judge Reinhart effectively raised in your concurrence in the Farhad case is something actually that was brought up in both the McCaskill case as well as in the Feretta case, in that even though there seems to be the implied waiver of a fair trial and therefore effective assistance of counsel in representing oneself, what has to be done is what's necessary to first of all protect the integrity of all the judicial proceedings and making sure that there is a fair trial. I think that's a way of translating that and to ensure some kind of continuity of the judicial proceedings. I think that all ties back into translating that there has to be a fair trial. I know that even in trials where I have been representing a defendant, that judges have stepped in, even when there has been no objection from the other side and said, you know what, that's not right. I'm not going to allow that question. That didn't seem to be happening here to protect Mr. Holmes' rights when the prosecution was asking any questions. The objection was that do you waive counsel and Mr. Holmes never said yes? That is it exactly. When you look to both the March 18th proceeding and the April 19th proceedings, the April 19th proceeding says that the court states the defendant has not waived his right to counsel and that the defendant wishes to have his legal researcher as counsel. It advises the defendant that the counsel has to be a member of the bar and admit it. The defendant makes an oral motion to have the legal researcher as advisory counsel, but the motion, the minute entry ends up saying the court advises the defendant and due to the defendant's reluctance to answer the court's questions regarding the charges and the defendant's right to waive counsel to represent himself, defendant refuses to listen to the court and the court recesses. Kennedy. He would not answer questions regarding the defendant's right to waive counsel. Correct. If you're saying that the basis of your appeal is that the court didn't get an answer to a question, do you waive counsel, and the minute order shows that the defendant refused to answer that question, how is that going to help you? It helps because he never waived counsel. But he didn't answer. Do you waive counsel? And he says, I don't have to answer to this court and I'm not going to answer. And in that case, it's unequivocal. I mean, it is equivocal. That means that he has to get counsel appointed. Is that your point? Yes. All right. Yeah. Because when in doubt as to whether or not somebody has waived any constitutional right, you have to give them the constitutional right. There are doubts hearing after hearing in this case whether or not he said, yes, I waive my right to an attorney. I am going to represent myself. That doesn't happen here. And there's nothing to indicate between the April 19th hearing and the trial starting a month later on May the 21st that anything happened where Mr. Holmes said, yes, I give up my right to an attorney. In fact, there is plenty of information throughout the proceedings to go ahead and show that he was trying to get a lawyer, that many times he wanted to represent himself or he wanted at least advisory counsel. At the initial appearance, he said that he was hiring a lawyer. He was given myself as advisory attorney at his next proceeding the following day. Five days later at a status conference on December the 26th, the appointment of counsel was taken away. And while the minute entry doesn't reflect it, I was there. And the reason that counsel was taken away was that Mr. Holmes claimed that while in custody over the Christmas weekend, he had earned a million dollars. And the judge said, well, if you earn a million dollars, then you can afford to hire a lawyer, so I'm taking away court-appointed counsel. Well, without having anybody prove anything in that particular circumstance, he wanted the advisory counsel, but it was taken away from him involuntarily. Well, he was given several continuances, I mean, in order to find a lawyer. I guess he approached, was it 15 lawyers who would not take his case? Yes. Mr. Holmes has this requirement in his own mind that counsel representing him sign his own version of a contract, which frankly, I've read it because he wanted me to sign it and makes no sense. And I simply refused to sign it. But as the court can see from the record, counsel which was appointed after he failed to appear to the sentencing before sentencing brought up before the court that Mr. Holmes wanted him to sign the contract and he wouldn't sign the contract, at which point Mr. Holmes moved to have him withdraw. I refused, never moved to have me withdrawn. The court in appointing counsel after the failure to appear at sentencing brought up the point which is, you know, if Mr. Holmes can't afford to go ahead and pay for a lawyer, but simply is unable to hire one, then the court can assess attorney's fees later on. But let's make sure this guy has counsel, since he has never actually come out and said, I waive my right to an attorney. It has always been equivocal. That ties into the valid reason why Mr. Holmes never raised this on a direct appeal and in fact did not file a direct appeal. The government filed in its supplemental record the colloquy that happened between the court. At one point, Mr. Holmes said, I don't understand your language. And that's just before the court advises him about his right to a notice of appeal. And then they go off and they talk about Mr. Holmes' own courts versus the courts that he's in front of the district court. You have two minutes left, which I'd like to say, but I want to ask you a question, which I won't take out of your two minutes. Thank you. One of the requirements for quorum nobis is that you show why the writ could not have been sought earlier. Correct. What showing is there that it could not have been sought earlier? The writ was filed within a year after the judgment in your conviction. Yes, I know that. But why could it have not been sought earlier? I was representing him at the time, well, I started representing him about five months after the judgment. And I looked at the conviction and I found what I perceived to be errors. I was trying to pursue the information about actual innocence and getting his eye evaluation done while he was still in custody. And that took a certain amount of time. And as the court can see, the reports that I got from that doctor were not filed until actually three months after I filed the writ of error quorum nobis. I wanted to make sure to file within a year in case there were any issues. But even then, I still didn't have the information regarding the eyesight. What significance does a year have to do with it? It's just in my mind the whole idea that a habeas petition needs to be filed within a year after a judgment and conviction or after you discover what the error is or the facts leading to actual innocence. All right. Thank you. Good morning. Bob Miskel from the U.S. Attorney's Office on behalf of the government in this case. Petitioner simply has not met the high burden to establish their entitlement to a writ of error quorum nobis in this case. Most importantly, they have not demonstrated any valid reasons exist for not attacking  no valid reason exist for not pursuing the appeal. In this case, the court at the sentencing went in great length advising the defendant about his right to appeal. And the defendant's response was, I'm going to appeal to my own court. I think the Ninth Circuit is as evil as the district court is. That's a conscious decision. That's not some kind of misunderstanding or anything like that. The defendant was advised. The defendant decided not to avail himself of that option. That does not establish a valid reason for not pursuing the appeal. Well, if he was entitled to a lawyer and he didn't have one, then that would excuse the failure to appeal also, wouldn't it? I'm sorry. I didn't catch the first part of your question. I said if he was – if the court should have appointed a lawyer for him because he didn't waive his right, that would also excuse the failure to appeal. I think if the defendant or the petitioner could demonstrate and establish to the court that he wanted an attorney, that might explain it. But that's not what the record shows. Suppose he didn't want an attorney. Does the court still have an obligation to appoint one? If the defendant is competent to waive his right to counsel. If he didn't waive it. Your opponent says he didn't waive it. Doesn't it have to be a waiver on the record? You have to waive your right to counsel. But first of all, in this case, I don't think you can read certainly the defendant's opening brief or even more importantly the petition in the district court as challenging the validity of the Feretta hearing. Her point, counsel's point in both the petition and the opening brief was that essentially the court should have overridden the defendant's desire to represent himself because he was such a bad attorney essentially. But that's not the issue. That's not the standard. So in this case. Do you disagree with counsel? She indicated that in the blue brief page 28 that he did assert that his failure to appeal was attributed to improper denial of counsel. I don't have the blue brief with me. I found that he asserted that Holm did not exercise his right to appeal because the lower court erroneously deprived Holm of the right to effective counsel. The petition did allege the district court erred in failing to appoint defense counsel, which he argued was fundamental error. But I didn't find anywhere in the petition where he asserted that his failure to appeal was attributed to the improper denial of counsel. Is that correct? That's how – that's how I'm reading it. If you – if you look in – actually, if you look at the petition that was filed in the district court, the petition for rid of error quorum nomis, there's no explanation at all given as to why he didn't pursue an appeal earlier. Thank you. And I think that's kind of the operative fact, actually. What was the right of way? This goes back to Judge Beyer's question. Yes. So in this case, you've got, as the Court has noted, the district judge went out of its way to deal with Mr. Holm. Mr. Holm was essentially trying – essentially, if you look at it, trying to whipsaw the Court, because of the way the case law is, if the dependent waives his right to counsel and the court appoints counsel, that's error, too. Because the defendant has the right to choose what he wants to do himself. And in this case, the court let him choose that. And the only – the standard is not whether he was a good attorney or not. The standard is whether he was competent to waive counsel, which is the same standard as being competent to stand trial. And that was met in this case. And also, it's important to note, in the record, the judge decided the competence to stand trial after the defendant was evaluated by a psychologist. Kennedy, I think you're up next, to Ms. Go. Let's take Ms. Williams' point. Where in the record is there any waiver of counsel by Mr. Holm before the district court judge? Would you point us to that? Actually, the Petitioner, and again, this goes back to what was actually raised in the opening brief. They don't cite— No, I did pass it. Where in the record? Let's suppose that I misread Ms. Williams' brief on page 28, and she has indeed raised it in her opening brief, in both. Now, you tell me, what's the government's position? Where did Holm waive right to counsel? It would have been at the hearing, the Feretta hearing. I'm trying to find the date, actually, here for you. One second. I mean, I quite appreciate your position that this issue may have been waived by not being brought forward in the opening brief, and not been brought forward in the district court also. But putting that to one side, let's say Ms. Williams is right on this threshold issue. Where did this gentleman, Mr. Holm, waive his right to counsel? It would have been the hearing of March 18th of 2002. And by what? What did he say? The transcript isn't in front of us, Your Honor. Is what? The transcript of that hearing isn't in front of us. It isn't in front of us because the issue wasn't raised by the plaintiff. By the appellant. Right. But that was the hearing where it occurred. That was the Feretta hearing, essentially, on March 18th. And in this case, again, it's the dependent's burden to establish that his—this isn't a direct appeal. The defendant has the burden here, not the government. So the defendant has the direct burden of showing that there was no waiver of counsel. That is correct. And the defendant has not added to the trial—I mean, the appellate record, the transcript of the hearing on March 18th, 2002, at which you claim, outside the record, that there was a waiver. That is correct. What I'm saying is the March 18th hearing was the Feretta hearing, basically. And at that point, that would have been where the waiver would have occurred. That would have been where a waiver would have been made if a waiver had been made. Well, the government's position is obviously a waiver was made at that hearing. But you don't really know what happened at that hearing. Well, I do know that I was present at that hearing. I do know that I know the requirements for a Feretta hearing. So I'm confident that there was a valid waiver, because I would have objected if there wasn't. But the burden is on opposing counsel. That is correct. Now, let me ask you this. What's your position if the judge asks Mr. Holm, do you waive counsel, and Mr. Holm says, I'm not going to answer your questions, which I think he probably did? I think you have to look at what preceded that as far as the Feretta hearing occurred. I mean, I don't think it would matter, especially at this stage, if just the ultimate question was not answered. If all the other questions were answered appropriately by the defendant. It's kind of like, actually, if you kind of analogize it to the way Mr. Holm handled the waiver of the jury trial. He answered all the questions directly, but then he didn't want to sign the court's standard form for jury waiver. But, again, he answered all the questions directly. He did make his request in writing, so that waiver was valid, too. So what we're dealing with here is a defendant who wanted to represent himself. And, actually, a review of the entire transcript of the trial reflects the defendant actually did not do that bad a job, actually, representing himself. If you look at his closing argument, he argued reasonable doubt. He argued lack of intent. Is there any particular portion of the record to which you could point us that is the defendant claims he wanted to represent himself or states that he wanted to represent himself, which we could imply meant a waiver of counsel? I think you can ‑‑ excuse me one second. I do know that at the beginning of the trial, which is the transcript of May 21, 2002, the morning session, there was a discussion between, actually between the judge and one of Mr. Holmes' witnesses about Mr. Holmes representing himself and what kind of dispensation essentially he's supposed to get from the district court. And at that point, I believe the court repeatedly indicated that Mr. Holmes wanted to represent himself, and the rule is that when you're representing yourself, you don't get special treatment as far as relaxation of the rules and that kind of stuff. The court represented that Mr. Holmes wanted to represent himself. And Mr. Holmes stayed silent? He did not disagree. That's correct. And is that in a transcript before us now, or is it a transcript that wasn't brought up? It's in the transcript of May 21. I'm trying to find if it's in the excerpt of the record, Your Honor. Well, don't take your time. We can check that out. But it's at the beginning of that transcript, actually when the witnesses are being excluded from the courtroom for some of the rule. Unless the court has any additional questions. Thank you. If I could help out answering Judge Baez's question. At the December 21, 2001 hearing, the minute entry says defendant does not want appointed counsel and will not hire counsel. Heather Williams has agreed to serve as advisory counsel. On the 26th, five days later, that's when he claimed that he had made a million dollars in custody. The judge withdrew court-appointed counsel at that time. On May the 18th, the minute entry says, and I didn't include that. This is in the supplemental excerpt of record, but says that due to the defendant's reluctance to answer the court's questions regarding the charges and the defendant's right to waive counsel to represent himself. And then at the April 19th minute entry, it says the court states that the defendant has not waived his right to counsel and that the defendant wishes to have his legal researcher as counsel. Later on in that proceeding, the minute entry again says that it's Mr. Holm refuses to listen and refuses to participate. There were times like that during the trial. There was no discussion at the beginning of the trial in the morning about whether or not he had waived his right to counsel because they were dealing with whether or not he was waiving his right to counsel. Are you saying that the record that you have submitted, things you've just read, show that he refused to waive counsel and that there's nothing in the record that shows that he did waive counsel? Correct. And because of that, it is equivocal, especially since there are times during the course of his case where he said he was going to be retaining counsel and he asked for advisory counsel. And even though he asked for a specific person to be advisory counsel, he was still requesting some kind of an assistance and it wasn't forthcoming. This also blends into his behavior in the right to waive a jury trial, in that he never gave an equivocal answer, yes, I'm waiving my right to a jury trial. It comes up in the record. The next question is whether you actually raised the issue of his failure to waive counsel in your brief. You say it's on page 28. Could you be a little more specific about what you said of the issue of waiver? I don't think I was near so clear as I am here today about what my issue was in that particular regard. I'm a little bit of a prejudice to the FLE, because if you had been precise, he could have designated as a portion of the excerpts of record the precise language used on May 18th. That's one of the reasons why we don't allow issues to be waived, I mean, to be raised in reply briefs and not opening briefs. I understand that, and I do apologize for that. That's not a question. I apologize for the question of whether you've waived the issue. And I would hope that he has not waived the issue, especially since it is such a fundamental issue under our Constitution. I think that what I did was not very eloquently raise the fact that I quoted the language from the April 19th minute entry on page 29, where it says that he has not waived his right to counsel. It talks about times that counsel was appointed, but not because Mr. Holm represented it, requested it, but because he – because the court was concerned. And that, I think, follows through with what happened in his actual failure-to-appear case, which just only about six months after his judgment and sentence in the assault case, the court said in its Feretta hearing, though Mr. Holm was requesting to represent Unable to engage in a meaningful colloquy with the defendant, the court is unable to determine whether the defendant's waiver is knowing, voluntary, and intelligent. And even if properly waived, the court nonetheless finds the defendant is unable and unwilling to abide by rules of procedure and courtroom protocol. That all goes back to what Feretta even said. The integrity of the judicial proceedings has to be upheld in even deciding whether or not to allow self-representation, and the continuity of those proceedings has to be decided. What happened in Mr. Holm's case was a miscarriage of justice. And even though I was not eloquent and precise, as I feel like I am here today, about what those issues were, they were raised in the opening brief, they were raised in the petition. And the cumulative errors of what happened in his particular case concerning waivers of counsel in jury trial, a judge who failed to recuse himself, and his actual innocence argument, which was never pursued or presented, require a reversal in this particular case. Thank you. Thank you, counsel. Case discharging will be submitted.
judges: Nelson, Reinhardt, Bea